UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM G. MOORE,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. CR95-5415 FDB

ORDER DENYING MOTION FOR MISTRIAL OR NEW TRIAL, DENYING MOTION FOR RELEASE, AND DENYING MOTION FOR RETURN OF PROPERTY

    This matter comes before the Court on Defendant William G. Moore's "Motion for a Mistrial or New Trial" "Motion for a Release" and "Motion for the Return of all of Moore's Properties." The Court has reviewed the file and the motions and is fully informed. The Court finds the motions without merit and they are accordingly denied.

**INTRODUCTION AND BACKGROUND**

    Mr. Moore was convicted in October 1995 of Conspiracy to Manufacture Methamphetamine, Conspiracy to Money Launder and Aiding and Abetting the Manufacture of Methamphetamine. Petitioner was sentenced to life imprisonment on June 28, 1996. The judgement and conviction were

ORDER - 1

affirmed on appeal by the Ninth Circuit Court of Appeals and the mandate issued February 2, 2000. Defendant Moore has occupied this Court's docket with numerous motions and petitions for post-conviction relief, including at last count eleven successive petitions for habeas corpus relief.

## POST - CONVICTION RELIEF

The federal habeas corpus statute provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to imposed such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. This is just the sort of relief Defendant Moore requests in the instant pleading. The same statute provides however, that the district court lacks authority to review successive habeas motions filed without authorization from the court of appeals. See United States v. Allen, 157 F.3d 661, 664 (9th Cir.1998). The Antiterrorism and Effective Death Penalty Act of 1996 amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A). Once the prisoner files such a motion, the court of appeals then reviews the successive application to determine whether the prisoner has made a prima facie showing that the new claim is (1) based on the discovery of new material evidence, or (2) based on a new rule of constitutional law made retroactive by the U.S. Supreme Court. 28 U.S.C. § 2255; Allen, at 664. Neither the record nor any evidence submitted by Defendant Moore shows that he has obtained the required authorization from the Ninth Circuit. Considering the number of successive petitions Mr. Moore has filed, it seems unlikely he could make the requisite showing. Thus, it appears Defendant Moore has attempted to avoid petitioning the Ninth Circuit by fashioning his latest request for relief as a motion for a mistrial or new trial. This approach is

ORDER - 2

fruitless.

A motion for a new trial based on the ground of newly discovered evidence "must be filed within three years after the verdict or finding of guilt." Fed. R. Cr. P. 33(b)(1). A motion for new trial grounded on any reason other than newly discovered evidence (i.e. mistrial) must be filed within seven days after the verdict or finding of guilt. Fed. R. Cr. P. 33(b)(2). Because Rule 33's time limitations are jurisdictional, a district court is powerless to consider an untimely motion for a new trial. United States v. Cook, 705 F.2d 350, 351 (9th Cir. 1983); United States v. Hazeem, 679 F.2d 770, 774 (9th Cir. 1982). The present motion was filed long after the expiration of three years after the verdict. Thus, the motion for new trial is untimely and this Court lacks jurisdiction to entertain the motion.

Defendant's motion for release is premised upon obtaining favorable relief in the motion for new trial and thus, it also fails. Defendant's motion for return of property has been previously denied by the Court and will not be reconsidered.

ACCORDINGLY:

IT IS ORDERED:

(1) Defendant William G. Moore's Motion for Mistrial or New Trial [Dkt # 227] is **DENIED**.

(2) Defendant's Motion for Release [Dkt. # 230] is **DENIED**.

(3) Defendant's Motion for Return of Property [Dkt. # 231] is **DENIED**.

DATED this 11th day of August, 2008

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3